**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

FILED BY_____PE_____D.C.

**Jun 2, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES,**
**AND PRODUCTS LIABILITY LITIGATION**

MDL No. 2913

**TRANSFER ORDER**

**Before the Panel:**  Plaintiff in the Southern District of Florida (*Ali*) action listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring his action to MDL No. 2913.  Defendant 7-Eleven, Inc., opposes the motion.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2913, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Thus, transfer is warranted for the reasons set out in our order directing centralization.  The actions in the MDL share factual questions relating to "the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by the use of those products."  *See In re Juul Labs, Inc., Mktg., Sales Practices & Prods. Liab. Litig.*, 396 F. Supp. 3d 1366, 1367 (J.P.M.L. 2019).  This action implicates the same questions.

Plaintiff opposes transfer by arguing that his case raises unique factual issues.  He maintains that his action will involve facts distinct from those involved in the MDL because he has named only 7-Eleven as a defendant, brings a claim under the Florida Unfair and Deceptive Trade Practices Act (FUDTPA) rather than products liability claims, and seeks damages for economic loss rather than personal injuries.  We are not persuaded.  The master personal injury complaint in the MDL—which names 7-Eleven and other retailer defendants—asserts consumer protection and unfair trade practices claims (including a claim under the FUDTPA) and, in addition to damages for personal injuries, seeks damages for "other economic harm" and "any other relief . . . that may be available."  *See In re JUUL Labs, Inc., Mktg., Sales Practices & Prods. Liab. Litig.*, C.A. No. 3:19-md-2913, ECF doc. 677, at 13, 248, 271, 279, 285-86 (N.D. Cal. June 18, 2020) (Amended Redacted Consolidated Master Complaint (Personal Injury)).  The factual issues and legal claims in plaintiff's complaint thus overlap with those in the MDL litigation.

Plaintiff also argues that transfer would be inefficient because his action is in its infancy, whereas the MDL litigation is nearing resolution.  This is not an accurate characterization of the status of the MDL, in which over 3,750 actions remain pending and the first bellwether trial is to begin soon.  Finally, plaintiff contends that transfer will cause inconvenience for himself and witnesses.  Given the extensive overlap of factual issues between his case and the MDL litigation, however, and the efficiencies to be gained by avoiding duplicative discovery and inconsistent

-2-

pretrial rulings, transfer clearly will serve the "overall convenience of the parties and witnesses," even if it poses some inconvenience to plaintiff.  *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that this action is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William H. Orrick III for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly          David C. Norton
Roger T. Benitez            Dale A. Kimball
Nathaniel M. Gorton         Madeline Cox Arleo

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: _____
Deputy Clerk
Date: 6/1/2022

**IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 2913

## SCHEDULE A

<u>Southern District of Florida</u>

ALI v. 7-ELEVEN, INC., C.A. No. 1:22-20328